MAY (WOOD v.). See Case No. 17,956.

MAYBERRY (FALES v.). See Case No. 4,622.

MAYBEY, The R. L. See Cases Nos. 6,333–6,335.

MAYBEY, The R. L. See Cases Nos. 11,870 and 11,871.

## Case No. 9,337.

### In re MAYBIN.

[15 N. B. R. 468.] [1]

District Court, N. D. Mississippi. Nov., 1876.

BANKRUPTCY—JUDGMENT RECOVERED AFTER PROCEEDINGS IN BANKRUPTCY — GUARDIAN AND WARD—LIMITATIONS—DISTRIBUTIVE FUND.

1. A claim founded upon a judgment or decree recovered after the commencement of the proceedings in bankruptcy, without leave of the bankrupt court, cannot be proved.

2. The liability of a guardian to his ward is not affected by his discharge in bankruptcy.

3. Proof of claims may be filed after an order discharging the assignee has been set aside, and the assignee ordered to proceed.

4. The filing of the petition arrests the running of the statute of limitations.

5. So long as there is a fund to distribute, all those who had valid, subsisting claims existing at the time of the commencement of the proceedings, upon making proof, will be permitted to participate in it.

[In the matter of J. W. Maybin, a bankrupt. See Case No. 9,338.]

---

[1] [Reprinted by permission.]

HILL, District Judge. The questions now presented for decision arise upon exceptions filed by the bankrupt to the claims filed against said estate, and in which Garrett, one of the creditors, has joined as against the other creditors in a portion of these exceptions. These exceptions are limited to alleged defenses, appearing upon the face of the claims, and matters appearing in the record, and will be considered as applied to the claims stated as follows: First, as to the claim of Mary L. Bourne, for the sum of twenty thousand six hundred and nine dollars and fifty-three cents, with interest at 6 per cent. per annum, from October 31st, 1872, to April 22d, 1873, alleged to be the amount of a decree rendered by the chancery court of Warren county, on the last mentioned day, in favor of the said Mary L. Bourne, against the said bankrupt as the balance then due as her guardian, and which it is alleged remains due and unpaid. To the allowance and payment out of the estate of the bankrupt, both he and said Garrett except, and state seven different grounds of exception.

Only the fifth ground stated need be considered in this case, as that must be decisive against its admissibility as at present presented, and applies alone to this claim; other grounds stated apply to other claims, and will be considered in connection with them. All demands provable against a bankrupt's estate, whether then matured and due or not, must have an existence at the time of filing the petition of adjudication, which in this case was on the 30th day of December, 1868. The claim as now filed is a decree rendered on the 22d day of April, 1873.

To avoid this objection, it is insisted that an amended proof has been filed, making the bill and answer, as well as a copy of the decree, an exhibit which discloses the claim upon which the decree was based. Whilst this is so, it is the decree and not the accounts between the parties that constitutes the debt asked to be allowed and paid. At the time the petition of Maybin asking to be declared a bankrupt was filed, no adjustment of the accounts between Mrs. Bourne and her father and guardian, had been made, showing any indebtedness against him. The claim was then an unadjudicated equitable demand growing out of these relations as trustee and cestui que trust, which could only be ascertained upon an account based upon proof, to be ascertained by this court by such proceedings as it might direct, or if a bill or suit had then been pending to settle the liability, upon application to this court an order might have been made directing the assignee to be made a party to that suit, and represent the interests of the estate until its conclusion, so as to ascertain the true amount to be allowed as a claim against the bankrupt estate. But the court did not then have, nor has it now, power to direct the institution of a suit in a state court after bankrupt proceedings are commenced, only for the collection of debts not exceeding five hundred dollars. So that the only mode by which an adjustment could be had between the claimant and the defendant which then could or now be had, is by proceedings in this court. This did not, however, prevent Mrs. Bourne from instituting and conducting proceedings in the chancery court to a personal decree against her father as her trustee, it being a fiduciary demand, and not one from which he was entitled to be discharged by the order and decree of this court under the bankrupt proceedings. The decree against him personally is not affected by the proceedings in this court, further than he will be entitled to a credit for whatever sum Mrs. Bourne may receive from the assets in bankruptcy. The claim as presented being rejected, Mrs. Bourne and her husband will be allowed to present it in such form as she may be advised, when the court will make such order in relation to it, as in its judgment will best facilitate the ascertainment of such amount as may properly be made payable out of the assets for distribution. This disposes of this claim.

The next claim for consideration is that of E. F. Brown, for two thousand dollars and interest from November 10, 1868, evidenced by two promissory notes for one thousand dollars each, dated on that day and payable on the first day of January, 1869, and the other payable on the first day of January, 1870, each bearing interest from date.

Three grounds of objection are taken to this claim: 1st, because the proof was not filed until the 24th day of July, 1873, after an order had been made by the register, discharging the assignee. 2d, because the original proof did not have the notes or copy attached, and were therefore utterly void. 3d, because said notes were barred by the statutes of limitations before the amended proof was filed.

To the first ground of exception it is only necessary to state that the order discharging the assignee was by the order of this court held to have been improperly made, and the assignee directed to proceed with the administration of the estate. Therefore this ground of exception cannot be sustained. To the second ground stated, it is only necessary to state that the proof may in all cases be amended, if application be made in proper time; and when amended so as to comply with the law, it will relate back to the original filing, unless the rights of others have in the meantime intervened, which in this case did not occur. Therefore this ground of exception is not maintainable. The third and last ground stated is that the notes were barred before the amended proof was filed. The original proof was filed on the 24th day of July, 1873; the note first due was not payable until the 1st of January, 1869; from that time until the 24th of July, 1873, was four years, six months and twenty-three days.

As we have seen the amendment to the proof related back to the filing of the original proof, consequently neither of these notes were barred. Therefore the exceptions to these debts must be overruled and the debts allowed to be paid out of the assets.

The next claim for consideration is an open account for goods and merchandise filed by J. J. Garrad & Co., for the sum of two thousand five hundred and twenty-nine dollars and thirty-three cents. Two grounds of exceptions are insisted upon to this claim: 1st, Because it was not filed until the 20th of August, 1875, after it is alleged the bankrupt was discharged. 2d, That it is barred by the statute of limitations.

The first exception must be overruled for reasons heretofore stated. The second exception raises a question of more difficulty, and one which has been very ably argued by counsel for the exception. The account upon its face shows that the goods were all sold and delivered during the years 1867 and 1868, the account being closed February 1st, 1868, and was therefore not barred when Maybin filed his petition to be declared a bankrupt. The filing of the petition certainly arrested the running of the statute of limitations; the question is, was there any period after that time when it again commenced running. The bankrupt act [of 1867 (14 Stat. 517)] makes no provision for such a period. It provides for notice both special and general to all the creditors to come forward and prove their claims at the first meeting of creditors, and at each subsequent meeting provides for special notice to those who have proved, and a general notice to all to attend such meeting and take part in the proceedings, and it further provides, that upon the first distribution of the assets a sufficient amount shall be reserved to make those who had not proved equal to the pro rata shares then declared, and that upon the next distribution those participating in the first shall receive nothing until all are made equal. I am of opinion that the law contemplates that so long as there is a fund to distribute, all those who had a valid subsisting claim existing at the time the bankrupt proceedings commenced, upon making proof, shall be permitted to participate in it.

But admitting what is insisted upon by Maybin's counsel, that the statute commenced running at the expiration of the injunction created by the statute as a general rule, yet the facts shown by the record in this case upon well settled rules of equity, estop Maybin from setting up the bar. The claim out of which the fund for distribution was realized was in existence when Maybin filed his petition to be declared a bankrupt; this claim he did not place upon his schedule, so as to give his creditors an opportunity to pursue it. It may be, and I am inclined to the opinion he thought it worthless, yet the effect so far as the creditors are concerned is the same. Nothing being shown on his schedules for the payment of debts, there was no inducement to prove them. It may be that creditors might then have thought this claim worthless, yet they should have had an opportunity through the assignee, their agent, to test it. The failure to afford that opportunity, certainly in equity, and this is a court of equity, with the most extensive powers, Maybin is estopped from interposing this objection. For the reasons stated, the exceptions to this claim must be overruled, and the claim allowed.

The next claim for consideration is an open account filed by James Murray, for five hundred and sixty nine dollars and eighteen cents, for goods sold and delivered between the 7th of April and the 12th of December, 1866. The same grounds of exception are stated against the debt with the last mentioned debt, and the same reasons operate against their maintenance. Therefore the exceptions must be overruled and the debt allowed.

The last claim excepted to is one filed by Robert Wilson for four hundred and forty dollars, founded upon a judgment rendered by the circuit court of Warren county against said Maybin on the 11th day of February, 1869.

The second ground of exception is all that need be considered and that is decisive against its allowance, and that is that the judgment was obtained after the commencement of proceedings in bankruptcy, without leave of this court and in violation of the bankrupt law. The bankrupt not having suggested, as I take it, the pendency of the bankrupt proceedings, and having taken no steps to arrest it, it remains a personal judgment against him, but is not a charge upon the fund in court. The exception must therefore be sustained, and the claim disallowed.